FILED
SEP 2 5 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>LARGE SCALE BIOLOGY<br>CORPORATION, et al.,<br><br>Consolidated Debtor. | Case No. 06-20046-A-11<br><br>Docket Control No. FWP-43<br>and FWP-44<br><br>Date: October 1, 2007<br>Time: 9:00 a.m. |

**MEMORANDUM**

Large Scale Biology Corporation, a reorganized chapter 11 debtor, has filed two motions seeking, among other things, to sell and assign certain patents and patent applications. On August 21, The Dow Chemical Company and Dow AgroSciences, LLC (collectively, "Dow"), filed opposition to these motions. The debtor filed a reply to its opposition on September 5.

The hearing on the first motion (FWP-43), was initially scheduled for August 20, but the hearing was continued to September 4. The hearing on the second motion (FWP-44) was initially calendared for September 4. On September 4, both hearings were continued to September 25, then continued again to

October 1. The continuances were to accommodate the parties and their attorneys.

Now, Dow wants the court to entertain its motion to file a sur-reply to the debtor's reply to its opposition before the October 1 hearing. The ostensible basis for this request is that the debtor's reply raises arguments "for the first time" concerning Dow's opposition to the motions. The debtor, for instance, asserts that some of Dow's opposition has been raised in "bad faith."

Not only will the court not schedule a hearing on Dow's request to file a sur-reply, it will deny that request.

First, the rules of this court, indeed, the law and motion rules of most courts, permit the moving party, not the respondent, to have the last word. See Fed. R. Bankr. P. 9014-1(f)(1). When a motion is filed, any respondent may file opposition to it and the movant may file a reply to that opposition. The respondent may not file a sur-reply.

Second, while the court may, in its discretion, permit additional briefing, including a sur-reply, it generally will not permit such additional briefing absent good cause.

The cause offered here is that the debtor's reply to Dow's opposition raises issues "for the first time."

Of course the debtor's reply raises issues for the first time. The purpose of a movant's reply is to respond to an opposition. A reply necessarily raises facts and issues, for the first time, that are germane to the opposition. If the evidence and argument included with a motion were required to anticipate the arguments a respondent might raise in opposition to the

1 motion, the court would not permit the movant to file a reply to
2 any opposition.
3     This is not a case where the motion failed to address a
4 necessary prerequisite to the relief requested by the movant and,
5 after a respondent noted the deficiency, the movant added the
6 necessary evidence in its reply.  This is sandbagging.  If
7 permitted, it robs a respondent of its ability to respond
8 intelligently to the relief requested by the movant.
9     Dow has not been sandbagged.  The debtor's reply responds to
10 defensive issues put in play by Dow's opposition.  The debtor's
11 reply also maintains, among other things, that Dow's opposition
12 has not been raised in good faith.  Because such an argument
13 could not be raised until the Dow's opposition was filed, it is
14 no surprise that it is raised in the debtor's reply rather than
15 the motion.
16     The debtor's motion was set for hearing on shortened notice.
17 In situations where the parties must respond to a motion over a
18 shorter time period than is the norm, the court is more than
19 amenable to departing from the customary briefing rules.
20 However, as noted above, the court already has continued the
21 hearing on the debtor's motions several times and it has
22 permitted Dow to file opposition after the time specified in the
23 initial order setting a hearing on August 20.  The deadline for
24 opposition was extended to permit the parties additional time to
25 negotiate and to file opposition, if any.  Dow ultimately filed
26 its opposition on August 21, 21 days after the filing of the
27 first motion.
28     Finally, the timing of the request to file a sur-reply is

troubling. The debtor's reply was filed and served on September 5. Yet, Dow waited until September 20 to file its motion for leave to file a sur-reply. If Dow is permitted to file a sur-reply on September 25 as it requests, the debtor would be left with just three business days to deal with any issues it raises.

A separate order will be entered.

Dated: 25 Sept 2007

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

-4-

# CERTIFICATE OF MAILING

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Gerald Sweeney
460 Bloomfield Ave #200
Montclair, NJ 07042

Marc Levinson
400 Capitol Mall #3000
Sacramento, CA 95814-4407

Martin Weis
Dilworth Paxson
457 Haddonfield Rd, #700
Cherry Hill, NJ 08002

Paul Pascuzzi
400 Capitol Mall #1450
Sacramento, CA 95814-4434

Large Scale Biology Corporation
3333 Vaca Valley Pkwy #1000
Vacaville, CA 95688

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Dated: September 25, 2007

_____
Susan C. Cox
Judicial Assistant to Judge McManus